UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT P.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:19-CV-05069-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred and the ALJ's decision is reversed and remanded for an award of benefits as to the period between March 12, 2012 and September 30, 2017.

### I.     ISSUES FOR REVEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ err in failing to find Plaintiff's mental impairments severe at step two?

## II. BACKGROUND

On April 23, 2013, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of March 12, 2012. AR 22, 170-71, 918. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 22, 91-93, 105-09, 918. A hearing was held before Administrative Law Judge ("ALJ") James Sherry on November 18, 2014. AR 40-69. In a decision dated January 7, 2015, the ALJ found that Plaintiff was not disabled. AR 19-31, 992-1009. The Social Security Appeals Council denied Plaintiff's request for review on April 28, 2016. AR 1-6, 1010-13.

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on June 9, 2016. AR 1015. On May 12, 2017, this Court reversed the ALJ's decision and remanded this case for further consideration of the medical opinion evidence, specifically the opinions of Louis Kretschmer, M.D., Mitchell Weinstein, M.D., and Dale Thuline, M.D. AR 947, 1020-33.

On April 12, 2018, ALJ Rebecca Jones held a new hearing. AR 948-91. On October 31, 2018, ALJ Jones issued a new decision finding that Plaintiff was not disabled. AR 915-39. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on January 24, 2019. Dkt. 1.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

In this case, the ALJ found that Plaintiff had the following severe, medically determinable impairments: cervical degenerative disc disease with radiculopathy, status-post fusion; right hand tenosynovitis; and opiate abuse. AR 920. The ALJ also found that Plaintiff had several other non-severe impairments, including anxiety and depression. AR 921-25. The ALJ found that Plaintiff could not perform his previous work, but determined there were other light, unskilled jobs Plaintiff could perform; therefore the ALJ determined at step 5 that Plaintiff was not disabled. AR 937-39.

A. Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff alleges that the ALJ erred in evaluating the opinions of examining physicians Mitchell Weinstein, M.D., Louis Kretschmer, M.D., and Brendon Hutchinson, M.D. Dkt. 10, pp. 6-9.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

1. Dr. Weinstein

Dr. Weinstein performed an independent evaluation of Plaintiff on September 9, 2014. AR 686-92. Dr. Weinstein's evaluation consisted of a review of the medical record, including imaging studies, and a physical examination. Based on this evaluation, Dr. Weinstein found that Plaintiff's cervical impairment had reached maximum medical improvement. AR 690. Dr. Weinstein noted that Plaintiff's response to surgery had been unsatisfactory, and that it was unlikely that additional surgery would be helpful. AR 690-91. Dr. Weinstein opined that Plaintiff had "permanent restrictions regarding excessive movement of his cervical spine" due to pain, and that these restrictions were unlikely to improve with time. AR 691.

The ALJ assigned "substantial weight" to Dr. Weinstein's opinion that Plaintiff had a permanent restriction regarding "excessive movement" of his cervical spine. AR 936. The ALJ found that although the term "excessive" was not defined by Dr. Weinstein or Social Security regulations, that it was "reasonable to conclude that, given the claimant's consistent complaints of neck pain and fairly consistently restricted range of motion on examination, that he must limit his neck movement throughout the day." *Id.* The ALJ noted that she was presenting this

limitation in "programmatic terms" by restricting Plaintiff to occasionally rotating, flexing, and extending his neck. *Id.*

In the previous hearing decision, ALJ Sherry restricted Plaintiff to frequently rotating, flexing, and extending his neck. AR 25. In its remand order, this Court found that the ALJ erred in evaluating Dr. Weinstein's opinion because Dr. Weinstein did not define what he meant by "excessive movement" and that it was unclear whether a limitation to frequent rotation, flexion, and extension of the neck adequately accounted for this limitation. AR 1028.

The Court noted that Dr. Weinstein's examination of Plaintiff reflected "significantly reduced" cervical range of motion, which might refer, at least partly, to Plaintiff's cervical range of motion rather than simply frequency of movement. AR 1029. The Court reasoned that to the extent Dr. Weinstein's restriction on excessive movement referred to *range* of movement rather than or in addition to *frequency* of movement, the RFC limitation to frequent rotation, flexion and extension of the neck would not properly account for Dr. Weinstein's opinion. *Id.* The Court noted that a restricted cervical range of motion might very well limit an individual's ability to perform certain jobs. *Id.*, citing *Oliver v. Comm'r Soc. Sec. Admin.*, No. 12-02143, 2014 WL 795101, at *3 (D. Or. Feb. 27, 2014) (cervical range of motion limitations "preclude the ability to perform a great number of jobs."); *Brown v. Colvin*, No. 15-1997, 2016 WL 2865233, at *3 (W.D. Wash. May 17, 2016) ("[p]laintiff's inability to perform repetitive cervical rotation or extension is related to her ability to be employed, and is therefore significant, probative evidence.").

In its remand order, this Court found that without further development, the record was ambiguous as to whether the ALJ's RFC limitation to frequent rotation, flexion and extension of the neck, adequately accounts for Dr. Weinstein's opinion. AR 1029. The ALJ's decision to

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 5

change the RFC to include a limitation to "occasional" rather than "frequent" occasionally rotating, flexing, and extending of the neck does not address the Court's concern about Plaintiff's range of motion limitations. There has been no further development to clarify this point.

 2. Dr. Kretschmer

Dr. Kretschmer, along with J. Greg Zoltani, M.D., first examined Plaintiff on March 12, 2013. AR 702-14. Dr. Kretschmer's evaluation consisted of a review of the medical record, including imaging studies, and a physical examination. Based on this evaluation, Dr. Kretschmer found that Plaintiff would have "restrictions of repetitive usage of the cervical spine in a non-ergonomic position." AR 709. Utilizing the Washington Category Rating System, Dr. Kretschmer categorized Plaintiff as having a Category 2 impairment. AR 713.

Dr. Kretschmer examined Plaintiff again on March 27, 2014. AR 693-700. Dr. Kretschmer's second evaluation also consisted of a review of the medical record and a physical examination. Dr. Kretschmer stated that Plaintiff would have "permanent restrictions of repetitive usage of the cervical spine in a non-ergonomic position." AR 697. Dr. Kretschmer again categorized Plaintiff as having a Category 2 cervical and cervico-dorsal impairment. AR 698.

The ALJ assigned "some weight" to Dr. Kretschmer's opinion that Plaintiff had a restriction involving repetitive usage of the cervical spine in a non-ergonomic position. AR 934. The ALJ found that while such a restriction was reasonable given Plaintiff's limitations, the restriction regarding "repetitive" usage of the cervical spine "in a non-ergonomic position" was unworkably vague, and not presented in programmatic terms consistent with the Social Security disability program. *Id.*

The ALJ noted that under Washington State regulations, a Category 2 impairment is classified as a "mild" cervico-dorsal impairment, "with objective clinical findings of such impairment with neck rigidity substantiated by X-ray findings of loss of anterior curve, without significant objective neurological findings." *Id*., citing Washington Administrative Code ("WAC") 296-20-240. The ALJ reasoned that a limitation to "occasional" rotation, flexion, and extension of the neck was sufficient to accommodate a "mild" cervical impairment. *Id.* The ALJ further reasoned that it was unnecessary to include Dr. Kretschmer's opinion regarding repetitive usage of the cervical spine in a "non-ergonomic" position in the RFC because Plaintiff claimed symptom relief with lying down or taking medications, which was inconsistent with the "mild" limitation assessed by Dr. Kretschmer. *Id.*

In its remand order, this Court found that a restriction against frequent rotation, flexion, and extension of the neck was insufficient to accommodate Dr. Kretschmer's limitation to repetitive usage of the cervical spine *in a non-ergonomic position.*" AR 1026-27 (emphasis in original). The Court reasoned that even if a job required only infrequent rotation, flexion or extension of the neck, it might still require repetitive use of the cervical spine in a non-ergonomic position, i.e., a job might require an individual to sit bent over a conveyor belt or in an otherwise non-ergonomic position. AR 1027; citing *Lobato v. Astrue*, No. 10-02022, 2011 WL 4712212 at* 12 (N.D. Cal. Oct. 7. 2011) (finding the ALJ harmfully erred in failing to properly reject or account for a limitation requiring an ergonomic work station and noting the VE's testimony that such limitation becomes a "'significant vocational factor' that could limit employment due to inability to properly access the work space without modifications.").

The ALJ declined to include, in the hypotheticals posed to the vocational expert, limitations regarding the impact of time spent in a non-ergonomic position, and has not provided

a persuasive reason for failing to do so. Defendant had the opportunity to clarify any ambiguities in the opinions of Dr. Weinstein and Dr. Kretschmer after this Court's remand order, but did not do so. An additional remand to resolve these issues, after Defendant declined to do so the first time, would serve no useful purpose.

### 3. Dr. Hutchinson

Dr. Hutchinson, Plaintiff's treating physician, completed a medical assessment of Plaintiff's ability to perform work-related physical activities on November 24, 2014. AR 911-13. Dr. Hutchinson assessed Plaintiff as being able to lift 10 pounds occasionally and 10 pounds frequently. AR 911. Dr. Hutchinson also opined that Plaintiff would be able to sit, stand and walk for 2 hours in an 8-hour day, would need an "at will" sit/stand option, and would need to lie down every 15 to 30 minutes during a workday. AR 911-12. Dr. Hutchinson also found that Plaintiff would have a range of postural, manipulative, and environmental limitations, and would be absent from work more than 4 days per month due to his impairments. AR 912-14.

Dr. Hutchinson's conclusions are broadly consistent with the opinions of Dr. Weinstein and Dr. Kretschmer, their examination findings, and with the medical record as a whole. All the medical opinions at issue in this case are consistent with each other, and with a finding of disability as to Plaintiff's cervical impairment. *See* 20 C.F.R. § 404.1527(3) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). As such, the Court cannot say that the ALJ's finding of non-disability is supported by substantial evidence.

### B. Whether the ALJ erred at step two of the sequential evaluation

Plaintiff alleges that the ALJ erred in finding his mental impairments non-severe at step two of the sequential evaluation. Dkt. 10, pp. 2-6. As this case is being remanded for an award of benefits, the Court declines to address this issue.

C. Remand for an Award of Benefits

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Having already remanded this case, and now finding again that the record does not support the ALJ's assessment of the opinion evidence and the RFC, the court finds that a second remand would be futile given that Defendant failed to address the deficiencies raised in the

Court's first remand order. The ALJ has not provided legally sufficient reasons for rejecting the opinions of Dr. Weinstein and Dr. Kretschmer. Crediting these opinions, and opinion of Plaintiff's treating physician Dr. Hutchinson as true, Plaintiff would be disabled.

On October 10, 2017, Plaintiff visited Dr. Hutchinson after being tapered off his pain medication. AR 1497. Dr. Hutchinson stated that he had reviewed the functional job analyses for two jobs, those of delivery driver and light truck driver. AR 1498. Dr. Hutchinson opined that Plaintiff would be able to perform the duties of these jobs as outlined. *Id.* As such, Plaintiff's cervical impairment ceased to be disabling at this point, and a finding of disability is appropriate for the period between Plaintiff's alleged onset date and the date that Dr. Hutchinson found Plaintiff fit to resume work. Because Plaintiff's date last insured was September 30, 2017, Plaintiff was eligible to receive benefits on his Title II claim between his alleged onset date and September 30, 2017. AR 920.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he/she determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for an award of benefits as to the period between March 12, 2012 and September 30, 2017.

Dated this 11th day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge